Timothy T. Pridmore; SBN: 00788224
Todd J. Johnston; SBN: 24050837
MCWHORTER, COBB & JOHNSON, LLP
1722 Broadway (79401)
P. O. Box 2547
Lubbock, Texas 79408
806/762-0214; 806/762-8014 (fax)
*Attorneys for Debtors/Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs/ Third-Party
Counterclaim Defendants 2B Farms, a Texas General Partnership, Terry M. Robinson, Rebecca A.
Robinson and Non-Debtor, Angela Robinson*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| In re: )<br><br>**2B FARMS, A TEXAS GENERAL**<br>**PARTNERSHIP, et al.,** )<br><br>Debtors. )<br>———————————————— )<br><br>**HTLF BANK, AS SUCCESSOR**<br>**TO FIRST BANK & TRUST,** )<br><br>Plaintiff and Counterdefendant and<br>And Cross-Claim Defendant, )<br><br>v. )<br><br>**2B FARMS, A TEXAS GENERAL**<br>**PARTNERSHIP, TERRY M.**<br>**ROBINSON, AND REBECCA A.**<br>**ROBINSON,** )<br><br>Defendants, Counterclaim Plaintiffs,<br>Third-Party Plaintiffs and Third-<br>Party Counterclaim Defendants, )<br><br>v. )<br><br>**RABO AGRIFINANCE, LLC AND**<br>**MECHANICS BANK,** )<br><br>Third-Party Defendants and, as to<br>Rabo AgriFinance LLC only, Third-<br>Party Counterclaim Plaintiff and<br>Cross-Claim Plaintiff. ) | Case No. 23-50096-rlj12<br><br>Jointly Administered<br><br>Chapter 12<br><br><br><br>**Adversary No. 23-05002-rlj** |

### <u>THIRD-PARTY COUNTERCLAIM DEFENDANTS 2B FARMS, A TEXAS GENERAL PARTNERSHIP, TERRY M. ROBINSON AND REBECCA A. ROBINSON'S ORIGINAL ANSWER TO THIRD-PARTY COUNTERCLAIM PLAINTIFF RABO AGRIFINANCE, LLC'S THIRD-PARTY COUNTERCLAIM</u>

**COME NOW** Third-Party Counterclaim Defendants 2B Farms, a Texas general partnership, Terry M. Robinson and Rebecca A. Robinson (collectively, "**2B Farms**"), by and through their attorneys of record, McWhorter, Cobb & Johnson, LLP, and for their Original Answer to Plaintiff Rabo AgriFinance, LLC's Third-Party Counterclaim and states as follows:

### RESPONSE TO "JURISDICTON, VENUE, AND PARTIES"

1. 2B Farms admits, on information and belief only, the allegations of paragraph 1.

2. 2B Farms admits the allegations contained of paragraph 2.

3. 2B Farms admits the allegations contained of paragraph 3.

4. 2B Farms admits the allegations contained of paragraph 4.

5. Paragraph 5 of the Complaint does not express an allegation of fact or law directed at 2B Farms and, therefore, no response is required.

6. 2B Farms admits the allegations contained of paragraph 6.

7. 2B Farms admits the allegations contained of paragraph 7.

8. 2B Farms admits the allegations contained of paragraph 8.

9. 2B Farms admits the allegations contained of paragraph 9.

10. 2B Farms admits the allegations contained of paragraph 10.

11. Paragraph 11 of the Complaint does not express an allegation of fact or law directed at 2B Farms and, therefore, no response is required.

12. Paragraph 12 of the Complaint does not express an allegation of fact or law directed at 2B Farms and, therefore, no response is required.

13. 2B Farms admits the allegations contained of paragraph 13.

14. 2B Farms admits the allegations contained of paragraph 14.

15.    Answering paragraph 15, 2B Farms admits Rabo entered into a lending relationship with the McClain Debtors beginning in 2018.

16.    2B Farms admits the allegations contained of paragraph 16.

17.    2B Farms admits the allegations contained of paragraph 17.

18.    2B Farms admits the allegations contained of paragraph 18.

19.    Answering paragraph 19, 2B Farms lack information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

20.    Answering paragraph 20, 2B Farms lack information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

21.    Answering paragraph 21, 2B Farms lack information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

22.    Answering paragraph 22, 2B Farms lack information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

23.    Answering paragraph 23, 2B Farms lack information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

24.    Answering paragraph 24, 2B Farms lack information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

25.    Answering paragraph 25, 2B Farms lack information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

26.    Answering paragraph 26, 2B Farms lack information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

27.    Answering paragraph 27, 2B Farms lack information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

28.    Answering paragraph 28, 2B Farms lack information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

29.     Answering paragraph 29, 2B Farms lack information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

30.     Answering paragraph 30, 2B Farms lack information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

31.     Answering paragraph 31, 2B Farms lack information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

32.     Answering paragraph 32, 2B Farms lack information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same. On information and belief, 2B Farms admits Rabo's collateral inspector conducted annual field inspections of McClain's Texas operations, including one on February 28, 2023, and a report was generated by same.

33.     Answering paragraph 33, 2B Farms lack information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

34.     Answering paragraph 34, 2B Farms denies the same.  On information and belief, 2B Farms admits Rabo's awareness of the McClain Borrowers "fraudulent actions" pursuant to its cattle inspection conducted on or about February 28, 2023. Further, said inspection report stated the McClain Borrowers were "high information risk" at every prior inspection.

35.     Answering paragraph 35, 2B Farms lack information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

36.     Answering paragraph 36, 2B Farms lack information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

37.     Answering paragraph 37, 2B Farms lack information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

38.     Answering paragraph 38, although Rabo's February 2023 Inspection Report stated this, 2B Farms lacks information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same. 2B Farms believes Rabo knew of the fraudulent scheme of its customer, the McClain Borrowers, prior to this time period.

39.    Answering paragraph 39, 2B Farms lack information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

40.    2B Farms admits the allegations contained of paragraph 40 by Rabo that it "had become apparent to Rabo that the McClain Borrowers were engaged in a massive fraud. Rabo is informed and believes that the fraud consisted both of a check kiting scheme, and a Ponzi scheme using cattle through which the McClain Borrowers either "purchased and sold" cattle that never existed or that, even if they did exist, were "purchased and sold" numerous times over; however, 2B Farms believes Rabo had knowledge of the fraud prior to the March 2023 time period.

41.    Answering paragraph 41, 2B Farms lack information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

42.    Answering paragraph 42, 2B Farms lack information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

43.    Answering paragraph 43, 2B Farms lack information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

44.    Answering paragraph 44, 2B Farms lack information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

45.    Answering paragraph 45, 2B Farms lack information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

46.    Answering paragraph 46, 2B Farms lack information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

47.    Answering paragraph 47, 2B Farms lack information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

48.    2B Farms admits the allegations contained of paragraph 48.

49.    Paragraph 49 of the Complaint does not express an allegation of fact or law directed at 2B Farms and, therefore, no response is required.

50.     Paragraph 50 of the Complaint does not express an allegation of fact or law directed at 2B Farms and, therefore, no response is required.

51.     Paragraph 51 of the Complaint does not express an allegation of fact or law directed at 2B Farms and, therefore, no response is required.

52.     Paragraph 52 of the Complaint does not express an allegation of fact or law directed at 2B Farms and, therefore, no response is required, but admits Rabo's allegation that the McClain Borrowers were engaged in a fraudulent scheme.

53.     Paragraph 53 of the Complaint does not express an allegation of fact or law directed at 2B Farms and, therefore, no response is required.

54.     Paragraph 54 of the Complaint does not express an allegation of fact or law directed at 2B Farms and, therefore, no response is required.

55.     2B Farms admits that they engaged in cattle buy/sell transactions as well as placed cattle they bought separately from third-parties at Brian McClain's feedyard(s) to be fed out, but denies any knowledge of the McClain Borrowers' fraudulent scheme until after it all became public and 2B Farms lost millions of dollars. 2B Farms deny all other the allegations of paragraph 55, especially any implication by Rabo that 2B Farms knowingly participated in the McClain Borrowers' "circular kiting scheme".

56.     2B Farms admits the allegations contained of paragraph 56, except for any implication that 2B Farms was involved in the check kiting scheme for which it denies, including the implications in footnote 2.

57.     2B Farms admits the allegations contained of paragraph 57.

58.     2B Farms admits the allegations contained of paragraph 58.

59.     2B Farms admits the allegations contained of paragraph 59.

60.     2B Farms admits the allegations contained of paragraph 60.

61.     2B Farms admits the allegations contained of paragraph 61.

62.     Answering paragraph 62, 2B Farms lacks information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

63.     Answering paragraph 63, 2B Farms lacks information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

64.     2B Farms admits the allegations contained of paragraph 64, but states the vast majority of times the representative of HTLF Bank filled out the checks.

65.     Answering paragraph 65, 2B Farms lacks information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, denies the same.

66.     Answering paragraph 66, 2B Farms states that the allegations made therein are not allegations of fact to which a response is required. If and to the extent 2B Farms is required to respond to these allegations, it denies them.

67.     Answering paragraph 67, 2B Farms states that the allegations made therein are not allegations of fact to which a response is required. If and to the extent 2B Farms is required to respond to these allegations, it denies them.

68.     Answering paragraph 68, 2B Farms admits the that it believed is was engaged in legitimate buy/sale cattle transactions with the McClain Borrowers, along with a significant number of other ranchers which were caught in the McClain Borrowers' fraudulent scheme.

69.     Answering paragraph 69, 2B Farms admits only that it believed the prices accepted by McClain pursuant to its sale statements prepared by McClain Feedyard and offered pursuant to its sale invoices were legitimate market-based prices for the cattle involved.

70.     Answering paragraph 70, 2B Farms states that the allegations made therein are not allegations of fact to which a response is required. If and to the extent 2B Farms is required to respond to these allegations, it denies them.

71.     2B Farms admits the allegations contained of paragraph 71 and further states that Rabo, by its own admission, knew of the McClain Borrowers' fraudulent scheme as early as the beginning 2023, if not early, but failed to attempt to stop it until on or about April 2023, and after 2B Farms had been damaged.

72.     2B Farms admits the allegations contained of paragraph 72.

73.    Answering paragraph 73, 2B Farms admits to filing an answer and counterclaim against HTLF Bank's original petition.

74.    2B Farms admits the allegations contained of paragraph 74 that the McClain Borrowers provided signed, blank checks drawn on their account to them or their bank, HTLF Bank. Representative(s) of HTLF Bank were primarily responsible for filling out the checks and depositing them.

75.    2B Farms admits the allegations contained of paragraph 75.

76.    2B Farms denies the allegations contained of paragraph 76 and asserts that the referenced check was completed and deposited by a representative of HTLF Bank. The text messages referenced was taken out of context.

77.    2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 77, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

78.    2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 78, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

79.    2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 79, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

80.    2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 80, 2B

Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

81.    2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 81, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

82.    2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 82, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

83.    2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 83, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

84.    2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 84, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

85.    2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 85, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this

paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

86. 2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 86, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

87. 2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 87, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

88. 2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 88, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

89. 2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 89, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

90. 2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 90, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this

paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

91.    2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 91, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

92.    2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 92, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

93.    2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 93, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

94.    Answering paragraph 94, 2B Farms states that the allegations made therein are not allegations of fact to which a response is required. If and to the extent Defendant is required to respond to these allegations, it denies them.

95.    Answering paragraph 95, 2B Farms lack information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

96.    2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 96, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this

paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

97.    2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 97, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

98.    2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 98, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

99.    2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 99, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

100.    2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 100, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

101.    2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 101, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this

paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

102.    2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 102, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

103.    2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 103, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

104.    2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 104, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

105.    2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 105, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

106.    2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 106, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this

paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

107.   2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 107, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

108.   2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 108, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

109.   2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 109, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

110.   2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 110, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

111.   2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 111, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this

paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

112.    2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 112, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

113.    2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 113, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

114.    2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 114, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

115.    Answering paragraph 115, 2B Farms states that the allegations made therein are not allegations of fact to which a response is required. If and to the extent 2B Farms is required to respond to these allegations, it denies them. 2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 115, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

116.    2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 116, 2B

Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

117.    2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 117, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

118.    2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 118, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

119.    2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 119, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

120.    2B Farms denies the allegations contained of paragraph 120.

121.    2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 121, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

122.    2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 122, 2B

Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

123.   2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 123, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

124.   2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 124, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same.

125.   2B Farms believes and admits that First Bank & Trust (now HTLF) was actively involved in the handling of the invoices and payments to the detriment of 2B Farms, but denies the remainder of the contention in paragraph 125.

126.   2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. With regard to the limited text message cited in paragraph 126, 2B Farms denies Rabo's assertions and contentions with respect to the referenced text message in this paragraph and all other allegations contained therein. 2B Farms states that the limited text message citation is taken out of context and it further invokes the rule of completeness as to same. 2B Farms admits the allegation contained in paragraph 126 that Rebecca was employed by FirstBank & Trust.

127.   2B Farms admits that Rabo has cited a portion of its Third-Party Complaint in paragraph 127.

128.   2B Farms admits that Rabo has cited a portion of its Third-Party Complaint in paragraph 128.

129.    2B Farms admits that Rabo has cited a portion of its Third-Party Complaint in paragraph 129.

130.    2B Farms admits that Rabo has cited a portion of its Third-Party Complaint in paragraph 130.

131.    2B Farms admits that Rabo has cited a portion of its Third-Party Complaint in paragraph 131.

132.    2B Farms admits that Rabo has cited a portion of its Third-Party Complaint in paragraph 132.

133.    2B Farms admits that Rabo has cited a portion of its Third-Party Complaint in paragraph 133.

134.    2B Farms admits that Rabo has cited a portion of its Third-Party Complaint in paragraph 134.

135.    2B Farms admits that Rabo has cited a portion of its Third-Party Complaint in paragraph 135.

136.    2B Farms admits that Rabo has cited a portion of its Third-Party Complaint in paragraph 136.

137.    2B Farms admits that Rabo has cited a portion of its Third-Party Complaint in paragraph 137.

138.    On information and belief, 2B Farms admits the allegation contained in paragraph 138.

139.    On information and belief, 2B Farms admits the allegation contained in paragraph 139.

140.    Answering paragraph 140, 2B Farms lack information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

141.    Answering paragraph 141, 2B Farms admits going to McClain Borrowers' Texas facilities and recovering some of its cattle that it had previously purchased or had separately placed to be fed out at the McClain feedyards out of concern that third-parties might remove 2B Farms' cattle. In fact, multiple parties were present taking cattle during that time period. 2B Farms voluntarily placed all of the proceeds

it received from the sale of cattle it had removed in escrow accounts with HTLF Bank pursuant to its agreement with the bank and the McClain Chapter 7 Trustee pending further order of the Bankruptcy Court.

142.    Answering paragraph 141, 2B Farms admits going to McClain Borrowers' Texas facilities and recovering some of its cattle that it had previously purchased or had separately placed to be fed out at the McClain feedyards out of concern that third-parties might remove 2B Farms' cattle. 2B Farms voluntarily placed all of the proceeds it received from the sale of cattle it had removed in escrow accounts with HTLF Bank pursuant to its agreement with the bank and the McClain Chapter 7 Trustee pending further order of the Bankruptcy Court.

143.    Answering paragraph 143, 2B Farms admits filing a "Dealer Trust Claim" with the U.S. Department of Agriculture.

144.    2B Farms admits the allegations in paragraph 144.

145.    2B Farms admits the allegations in paragraph 145.

146.    Answering paragraph 146, 2B Farms lacks information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

147.    2B Farms admits the allegations in paragraph 147.

148.    2B Farms admits the allegations in paragraph 148.

## RESPONSE TO "FIRST CAUSE OF ACTION
### (Declaratory Judgment – 2B Dealer Trust Claims – Against the 2B Parties Only)"

149.    Answering paragraph 149, 2B Farms states that the allegations made therein are not allegations of fact to which a response is required. If and to the extent 2B Farms is required to respond to these allegations, it denies them.

150.    Answering paragraph 150, 2B Farms lacks information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

151.    Answering paragraph 151, 2B Farms admits only that it seeks recovery of the transfers that are the subject of its Third-Party Complaint against Rabo and/or Mechanics Bank and claims a superior

interest therein. 2B Farms lacks information or knowledge sufficient to form a belief about the truth or falsity of the other allegations set forth in paragraph 151 and, on that basis, deny the same.

152.    2B Farms denies the allegations in paragraph 152.

153.    2B Farms denies the allegations in paragraph 153.

154.    Answering paragraph 154, 2B Farms states that the allegations made therein are not allegations of fact to which a response is required. If and to the extent 2B Farms is required to respond to these allegations, it denies them.

155.    Answering paragraph 155, 2B Farms lacks information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

156.    Answering paragraph 156, 2B Farms lacks information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

157.    2B Farms denies the allegations in paragraph 157.

158.    2B Farms denies the allegations in paragraph 158.

159.    2B Farms denies the allegations in paragraph 159.

160.    2B Farms denies the allegations in paragraph 160.

161.    2B Farms denies the allegations in paragraph 161.

**RESPONSE TO "SECOND CLAIM FOR RELIEF**
**(Conversion (Removed Cattle and Proceeds) – Against the 2B Parties and the Bank)"**

162.    Answering paragraph 162, 2B Farms states that the allegations made therein are not allegations of fact to which a response is required. If and to the extent 2B Farms is required to respond to these allegations, it denies them.

163.    Answering paragraph 163, 2B Farms lacks information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

164.    Answering paragraph 164, 2B Farms admits going to McClain Borrowers' Texas facilities and recovering some of its cattle that it had previously purchased or had separately placed to be fed out at the McClain feedyards out of concern that third-parties might remove 2B Farms' cattle. 2B Farms

voluntarily placed all sale proceeds from the cattle it had removed in escrow accounts with HTLF Bank pursuant to its agreement with the bank and the McClain Chapter 7 Trustee pending further order of the Bankruptcy Court. All other allegations or contentions in paragraph 164 are denied.

165.    2B Farms denies the allegations in paragraph 165.

166.    2B Farms denies the allegations in paragraph 166.

167.    2B Farms denies the allegations in paragraph 167.

168.    2B Farms denies the allegations in paragraph 168.

169.    Answering paragraph 169, 2B Farms states that the allegations made therein are not allegations of fact that are directed at 2B Farms to which a response is required. If and to the extent 2B Farms is required to respond to these allegations, it denies them.

170.    2B Farms denies the allegations in paragraph 170.

171.    Answering paragraph 171, 2B Farms states that the allegations made therein are not allegations of fact are not directed at 2B Farms to which a response is required. If and to the extent 2B Farms is required to respond to these allegations, it denies them.

### RESPONSE TO "THIRD CLAIM FOR RELIEF
#### (Conversion (Mechanics Bank Funds) – Against the 2B Parties and the Bank)"

172.    Answering paragraph 172, 2B Farms states that the allegations made therein are not allegations of fact to which a response is required. If and to the extent 2B Farms is required to respond to these allegations, it denies them.

173.    2B Farms denies the allegations in paragraph 173.

174.    Answering paragraph 174, 2B Farms admits that Rabo, Mechanics Bank and the McClain Borrowers had entered into a Deposit Account Control Agreements(s) of some form or fashion. 2B Farms lacks information or knowledge sufficient to form a belief about the truth or falsity of all other allegations set forth therein and, on that basis, deny the same.

175.    2B Farms denies the allegations in paragraph 175.

176.    Answering paragraph 176, 2B Farms states that the allegations made therein are not allegations of fact that are directed at 2B Farms to which a response is required. If and to the extent 2B Farms is required to respond to these allegations, it denies them.

177.    2B Farms denies the allegations in paragraph 177.

178.    2B Farms denies the allegations in paragraph 178.

### RESPONSE TO "FOURTH CAUSE OF ACTION
### (Aiding & Encouraging Intentional Tort – Against the 2B Parties and the Bank)"

179.    Answering paragraph 179, 2B Farms states that the allegations made therein are not allegations of fact to which a response is required. If and to the extent 2B Farms is required to respond to these allegations, it denies them.

180.    Answering paragraph 180, 2B Farms states that the allegations made therein are not allegations of fact to which a response is required. If and to the extent 2B Farms is required to respond to these allegations, it denies them.

181.    2B Farms denies the allegations in paragraph 181 as to it.

182.    2B Farms denies the allegations in paragraph 182 as to it.

183.    2B Farms denies the allegations in paragraph 183 as to it.

184.    2B Farms denies the allegations in paragraph 184 as to it.

185.    2B Farms denies the allegations in paragraph 185 as to it.

186.    Answering paragraph 186, 2B Farms lacks information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

187.    Paragraph 187 of the Complaint does not express an allegation of fact or law directed at 2B Farms and, therefore, no response is required. If and to the extent 2B Farms is required to respond to these allegations, it denies them.

188.    2B Farms denies the allegations in paragraph 188 as to it. 2B Farms admits that it later learned after it lost millions of dollars that the McClain Borrowers were running a check kiting and cattle

Ponzi scheme. 2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme.

189.    2B Farms denies the allegations in paragraph 189 as to it.

190.    2B Farms denies the allegations in paragraph 190 as to it and as to joint and several liability.

191.    2B Farms denies the allegations in paragraph 191 as to it and as to joint and several liability.

192.    2B Farms denies the allegations in paragraph 192 as to it.

### RESPONSE TO "FIFTH CAUSE OF ACTION
### (Aiding & Participating in Intentional Tort – Against the 2B Parties and the Bank)"

193.    Answering paragraph 193, 2B Farms states that the allegations made therein are not allegations of fact to which a response is required. If and to the extent 2B Farms is required to respond to these allegations, it denies them.

194.    Answering paragraph 194, 2B Farms states that the allegations made therein are not allegations of fact to which a response is required. If and to the extent 2B Farms is required to respond to these allegations, it denies them.

195.    Answering paragraph 195, 2B Farms states that the allegations made therein are not allegations of fact to which a response is required. If and to the extent 2B Farms is required to respond to these allegations, it denies them.

196.    2B Farms denies the allegations in paragraph 196 as to it.

197.    2B Farms denies the allegations in paragraph 197 as to it.

198.    2B Farms denies the allegations in paragraph 198 as to it.

199.    Answering paragraph 199, 2B Farms lacks information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

200.    Answering paragraph 200, 2B Farms admits that the McClain Borrowers were running a check kiting and cattle Ponzi scheme. 2B Farms denies having any prior knowledge that the McClain

Borrowers were engaged in a fraudulent check kiting scheme. If and to the extent 2B Farms is required to respond to any other allegations in this paragraph, it denies them.

201.    2B Farms denies the allegations in paragraph 201 as to it.

202.    2B Farms denies the allegations in paragraph 202 as to it.

203.    2B Farms denies the allegations in paragraph 203 as to it.

204.    2B Farms denies the allegations in paragraph 204 as to it, and denies joint and several liability.

205.    2B Farms denies the allegations in paragraph 205 as to it, and denies joint and several liability.

### RESPONSE TO "SIXTH CAUSE OF ACTION
(Conspiracy to Defraud – Against the 2B Parties and the Bank)"

206.    Answering paragraph 206, 2B Farms states that the allegations made therein are not allegations of fact to which a response is required. If and to the extent 2B Farms is required to respond to these allegations, it denies them.

207.    Answering paragraph 207, 2B Farms admits that the McClain Borrowers were running a check kiting and cattle Ponzi scheme. 2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. If and to the extent 2B Farms is required to respond to any other allegations in this paragraph, it denies them.

208.    Answering paragraph 208, 2B Farms admits that the McClain Borrowers were running a check kiting and cattle Ponzi scheme. 2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. If and to the extent 2B Farms is required to respond to any other allegations in this paragraph, it denies them.

209.    2B Farms denies the allegations in paragraph 209 as to it.

210.    2B Farms denies the allegations in paragraph 210 as to it.

211.    2B Farms denies the allegations in paragraph 211 as to it.

212.    2B Farms denies the allegations in paragraph 212 as to it.

213.    Answering paragraph 213, 2B Farms lacks information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, deny the same.

214.    Answering paragraph 214, 2B Farms admits that the McClain Borrowers were running a check kiting and cattle Ponzi scheme. 2B Farms denies having any prior knowledge that the McClain Borrowers were engaged in a fraudulent check kiting scheme. If and to the extent 2B Farms is required to respond to any other allegations in this paragraph, it denies them.

215.    2B Farms denies the allegations in paragraph 215 as to it.

216.    2B Farms denies the allegations in paragraph 216 as to it.

217.    2B Farms denies the allegations in paragraph 217 as to it.

218.    2B Farms denies the allegations in paragraph 218 as to it.

219.    2B Farms denies the allegations in paragraph 219 as to it, and denies any joint and several liability.

220.    2B Farms denies the allegations in paragraph 220 as to it, and denies any joint and several liability.

221.    2B Farms denies the allegations in paragraph 221 as to it.

### RESPONSE TO "SEVENTH CAUSE OF ACTION
### (Money Had & Received – Against the 2B Parties and the Bank)"

222.    Answering paragraph 222, 2B Farms states that the allegations made therein are not allegations of fact to which a response is required. If and to the extent 2B Farms is required to respond to these allegations, it denies them.

223.    2B Farms denies the allegations in paragraph 223 as to it.

224.    2B Farms denies the allegations in paragraph 224 as to it.

225.    2B Farms denies the allegations in paragraph 225 as to it.

## RESPONSE TO "EIGHTH CAUSE OF ACTION
### (Unjust Enrichment – Against the 2B Parties and the Bank)"

226.    Answering paragraph 226, 2B Farms states that the allegations made therein are not allegations of fact to which a response is required. If and to the extent 2B Farms is required to respond to these allegations, it denies them.

227.    2B Farms denies the allegations in paragraph 227 as to it.

228.    2B Farms denies the allegations in paragraph 228 as to it.

229.    2B Farms denies the allegations in paragraph 229 as to it.

## RESPONSE TO "NINTH CAUSE OF ACTION
### (Section 523(a)(2)(A) Objection to Discharge – Against the Robinsons)"

230.    Answering paragraph 230, T. Robinson and R. Robison state that the allegations made therein are not allegations of fact to which a response is required. If and to the extent they are required to respond to these allegations, they deny them.

231.    T. Robinson and R. Robison admit the allegations in paragraph 231.

232.    T. Robinson and R. Robison deny the allegations in paragraph 232.

233.    Paragraph 233 of the Complaint does not express an allegation of fact or law directed at T. Robinson and R. Robison and, therefore, no response is required.  To the extent they are required to respond to these allegations, they deny them.

234.    Paragraph 233 of the Complaint does not express an allegation of fact or law directed at T. Robinson and R. Robison and, therefore, no response is required.  To the extent they are required to respond to these allegations, they deny them.

235.    T. Robinson and R. Robison deny the allegations in paragraph 235.

236.    T. Robinson and R. Robison deny the allegations in paragraph 236.

237.    T. Robinson and R. Robison deny the allegations in paragraph 237.

238.    T. Robinson and R. Robison deny the allegations in paragraph 238.

## RESPONSE TO "TENTH CAUSE OF ACTION
### (Section 523(a)(6) Objection to Discharge – Against the Robinsons)"

239.     Answering paragraph 239, T. Robinson and R. Robison state that the allegations made therein are not allegations of fact to which a response is required. If and to the extent T. Robinson and R. Robison are required to respond to these allegations, they deny them.

240.     T. Robinson and R. Robison admit the allegations in paragraph 240.

241.     T. Robinson and R. Robison deny the allegations in paragraph 241.

242.     T. Robinson and R. Robison deny the allegations in paragraph 242.

243.     Paragraph 243 of the Complaint does not express an allegation of fact or law directed at T. Robinson and R. Robison and, therefore, no response is required. To the extent they are required to respond to these allegations, they deny them.

244.     Paragraph 244 of the Complaint does not express an allegation of fact or law directed at T. Robinson and R. Robison and, therefore, no response is required. To the extent they are required to respond to these allegations, they deny them.

245.     Paragraph 245 of the Complaint does not express an allegation of fact or law directed at T. Robinson and R. Robison and, therefore, no response is required. To the extent they are required to respond to these allegations, they deny them.

246.     T. Robinson and R. Robison deny the allegations in paragraph 246.

247.     T. Robinson and R. Robison deny the allegations in paragraph 247.

248.     T. Robinson and R. Robison deny the allegations in paragraph 241.

### RESPONSE TO "RESERVATION TO AMEND"

249.     Answering paragraph 249, 2B Farms states that the allegations made therein are not allegations of fact to which a response is required. If and to the extent 2B Farms is required to respond to these allegations, it denies them.

250.    Answering paragraph 250, 2B Farms states that the allegations made therein are not allegations of fact to which a response is required. If and to the extent 2B Farms is required to respond to these allegations, it denies them.

251.    Answering paragraph 251, 2B Farms states that the allegations made therein are not allegations of fact to which a response is required. If and to the extent 2B Farms is required to respond to these allegations, it denies them.

252.    2B Farms denies each and every allegation of the Counter-Claim not expressly admitted herein.

**RESPONSE TO "PRAYER FOR RELIEF"**

253.    2B Farms denies all allegations of Rabo stated in its "Prayer for Relief". Further answering, 2B Farms at no time knowingly participated in McClain's check kiting scheme.

**<u>AFFIRMATIVE DEFENSES</u>**

1.    Without conceding that 2B Farms has the burden of proof on any of the issues below, in addition to the facts pled in 2B Farms' Complaint, 2B Farms further asserts the following facts and affirmative defenses pursuant to Federal Rule of Civil Procedure (8)(c):

2.    Unlike 2B Farms, who did not become aware of the McClain Borrowers' fraud until on or about April 2023, when it became widely known by 100s of cattle ranchers that they also had been defrauded by McClain, **Rabo was on notice of the McClain Borrowers' fraud at least as early as February 28, 2023**. On this date, Rabo's retained collateral inspector, while conducting a bank collateral inspection of the McClain Borrower's feedyard facilities, found that McClain was extremely short by tens of thousands of cattle (collateral) worth millions of dollars. The report concluded "***This is basically a worst-case scenario***." (emphasis added) (See Exhibit "A", a copy of the report produced by Glen Karlberg (the "Stockett Report"), which is attached and incorporated by reference herein for all purposes).

3.      The Stockett Report further goes on to put Rabo on notice of "**Significant Risks/Concerns**" stating:

> *Large negative borrowing base after adjustments for cattle. Possible Fraud Case. Recommendation to Downgrade immediately and take control of cattle as soon as possible, due to concerns related to cattle being owned by other parties.*

*Id.* (emphasis added).

4.      Moreover, the Stockett Report showed Rabo's prior knowledge of the McClain Borrowers collateral and business issues when it stated that the McClain Borrowers were at a "High Information Risk", and that this fact has been cited at **EVERY** inspection since the pre-funding of the McClain Borrowers. Rabo's clearly had knowledge of the McClain Borrowers' fraudulent actions for multiple months, if not years, and chose to do nothing.

5.      Despite the findings of the attached Stockett Report, as well as prior reports, Rabo did not declare a default on the McClain Borrowers on February 28, 2023, or even shortly thereafter. Instead, it chose to protect itself and try to recover on its loans to the detriment to 2B Farms and others.  Between Rabo's discovery of the "worst case scenario" and the date it declared a default, numerous cattle creditors, including 2B Farms, sent McClain millions of dollars for the purchase of cattle for which it never received the cattle nor return of its funds.

6.      Further, upon information and belief, Rabo might have improperly taken cattle from the McClain Borrowers' feedlots and improperly received funds from the McClain accounts and ranchers, such as 2B Farms, while it knew of the McClain Borrowers' scheme.

7.      Based upon the above, Rabo knowingly and intentionally allowed its McClain Borrowers to continue to operate and fraudulently take funds to the detriment of innocent ranchers, including 2B Farms.

## FIRST AFFIRMATIVE DEFENSE

8.      Rabo is estopped from asserting its claims against 2B Farms by the doctrine of "equitable estoppel" and/or "unclean hands".

### SECOND AFFIRMATIVE DEFENSE

9.    2B Farms denies any causal connection between Rabo's alleged damages and 2B Farms' action or inactions.

### THIRD AFFIRMATIVE DEFENSE

10.    Rabo's claims are barred in whole or in part by "assumption of risk".

### FOURTH AFFIRMATIVE DEFENSE

11.    The damages alleged by Rabo were proximately caused or contributed to by the negligence or fault of themselves, or of third parties over whom 2B Farms had no control.

### FIFTH AFFIRMATIVE DEFENSE

12.    Rabo's claims are barred in whole or in part by its own "contributing negligence".

### SIXTH AFFIRMATIVE DEFENSE

13.    Rabo's claims are barred in whole or in part to the extent their damages (if any) have resulted from Rabo's own conduct in mismanaging of its loan(s) with the McClain Borrowers', which are a superseding and intervening cause.

### SEVENTH AFFIRMATIVE DEFENSE

14.    Rabo's claims are barred in whole or in part by their own fraud as to other third-parties, including 2B Farms.

### EIGHTH AFFIRMATIVE DEFENSE

15.    Rabo's claims are barred in whole or in part by "waiver".

### NINTH AFFIRMATIVE DEFENSE

16.    Rabo's claims are barred in whole or in part by the doctrine of "laches".

### TENTH AFFIRMATIVE DEFENSE

17.    Rabo's claims are barred in whole or in part by the doctrine of "payment".

time-period and said cattle were 2B Farms' own cattle. 2B Farms affirmatively asserts Rabo is not entitled to said cattle, nor proceeds from the sale of same, as it had no title, lien, or interest in them.

<u>**NINETEENTH AFFIRMATIVE DEFENSE**</u>

26.     Rabo's claims are barred in whole or in part under the doctrine of "defalcation".

27.     2B Farms hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during the discovery process in this action, and hereby reserves the right to amend their answer to assert any such defenses. The assertion of the above defenses by 2B Farms is not intended and should not be deemed or construed to alter or shift any burden of proof Rabo may have in connection with the claims asserted in this matter.

28.     2B Farms specifically reserve the right to amend their Answer, including affirmative defenses, as discovery progresses or in accordance with a scheduling order established by the Court.

Dated: February 20, 2024

Respectfully submitted

**MCWHORTER, COBB & JOHNSON, L.L.P.**
1722 Broadway
P.O. Box 2547
Lubbock, Texas 79408
(806) 762-0214 - Telephone
(806) 762-8014 – Facsimile

Timothy T. Pridmore
SBN: 00788224
*tpridmore@mcjllp.com*
Todd J. Johnston
SBN: 24050837
*tjohnston@mcjllp.com*

By: /s/ Timothy T. Pridmore
         Timothy T. Pridmore

***ATTORNEYS FOR THIRD-PARTY PLAINTIFFS
AND THIRD-PARTY COUNTERCLAIM
DEFENDANTS 2B FARMS, A GENERAL TEXAS
PARTNERSHIP, TERRY ROBINSON, REBECCA
ROBINSON, AND ANGELA ROBINSON***

Rabo AgriFinance

## BEEF CATTLE COLLATERAL INSPECTION REPORT

### Client Information

| | | | |
|---|---|---|---|
| **Relationship Name:** | McClain Farms, Inc. | | |
| **Obligation Number:** | 22122952 | **Address:** | 824 Mullins Lane |
| **WW-ID:** | 604357 | **City State:** | Benton, KY |
| **Sector:** | Beef Cattle Ranching | **Main Contact:** | Brian McClain |
| **Fiscal Year End:** | December | **Email:** | mcclainfarms@gmail.com |

### Bank Information & Inspection Information

| | | | |
|---|---|---|---|
| **Rabobank LQC:** | Good | **Report Date:** | 3/10/23 |
| **R - Rating:** | R16 | **Inspection Date(s):** | 2/28/23 |
| **RAF Region/Territory:** | Northeast | **Cutoff Date:** | 1/31/23 |
| **RAF Office:** | Evansville, IL | **Prior Inspection Date(s):** | 4/7/22 and 4/27/22 |
| **MD/BDM-FAM:** | Dan Villwock; Jeff Abbey | **Lead Inspector:** | Michelle Stockett |
| **RM1 & RM2:** | Chip Lawson | **Inspection Team:** | Sean Johnstone |
| **FA:** | Jason Dunn | **Next Internal Review:** | |
| **RCO:** | Carla Schindler | **Next Maturity or Annual Review Date:** | 8/1/2023 |
| **GM:** | JP van Oosten | **Frequency:** | Annually |

### Recommendations

| Recommendations Made | Rating | Quantity |
|---|---|---|
| Informational/Green | 1 | 1 |
| Technical/Amber | 2 | 0 |
| Material/Red | 3 | 3 |
| **Total:** | | 4 |

### Significant Risks/Concerns noted

*Large negative borrowing base after adjustments for cattle. Possible Fraud Case. Recommendation to Downgrade immediately and take control of cattle as soon as possible, due to concerns related to cattle being owned by other parties.*

### Sign off of AFCID Team Lead or Head of AFCID and Viewpoint

| Sign Off | | Date: | 3/11/2023 |
|---|---|---|---|
| *Maria Castorena* | | | |

**Viewpoint/Opinion**

*High information risk with adjusted negative BB base margin.*

### Facility Information

| RLOC(s): Description/Type | Facility No. | Maturity Date | RAF Commitment | Total Commitment | Principal Balance | Accrued Interest on Principal (excludes default interest) | Default Interest |
|---|---|---|---|---|---|---|---|
| Facility 1 RLOC | 1 | 8/1/2023 | $ 54,000,000 | $ 54,000,000 | $        54,573,418 | $       929,173 | |

| | Type | Frequency |
|---|---|---|
| **Borrowing Base Structure:** | Non-Restrictive Borrowing Base (Single Only) | Monthly |

This Inspection Report is for the exclusive use and benefit of Rabo AgriFinance and affiliates. To the extent that this report may be delivered to any party other than Rabo AgriFinance, it has been delivered to such party pursuant to its request and may not be distributed by such party to any other person without Rabo AgriFinance's prior written consent. Each recipient of this report shall maintain the confidentiality of the contents of this report. Rabo AgriFinance shall have no responsibility or liability for any loss, damage, or claim arising from any use of this report. Each recipient of this report is solely responsible for satisfying itself as to the creditworthiness, assets, and affairs of the persons and entities referred to in this report.

**THIS REPORT IS NOT TO BE RELEASED TO ANY PERSON OR ENTITY OUTSIDE OF RABO AGRIFINANCE AND ITS AFFILIATES WITHOUT THE REQUIRED INTERNAL APPROVALS.**

The Recommendations within this report may contain proprietary information of the company inspected as well as judgments and opinions of the Agricultural Field & Collateral Insp. Dept. This information is for the sole use and benefit of Rabo AgriFinance & its affiliates. This report with recommendations is not for release to the borrower or to others outside Rabo AgriFinance & its affiliates.



**EXHIBIT**

**A**

tabbies

🔥 **Rabo AgriFinance**

## McClain Farms, Inc.

**EXECUTIVE SUMMARY**

The Agricultural Field and Collateral Inspection Department (AFCID) was engaged to perform a standard inspection of the collateral to secure the existing loan to McClain Farms, Inc. ("McClain" the "Company" or the "Borrower"). The collateral inspection was completed by a team of inspectors on February 28, 2023, at the Company's headquarters located in Hereford, TX. The primary Company contact was owner Brian McClain. The Inspector spoke with RCO Schindler for account clarity before the inspection. Conversations were also held prior with Sr Chip Lawson as well as in person since Lawson attended the inspection in Texas. A closeout review was held with the Client before leaving the operation to discuss the observations made during the inspection. Regarding the discrepancy with the headcount, Client indicated he had cattle in KY and cattle were on the road to TX. He also mentioned that since feeder cattle prices have become so high recently, his overall numbers would be impacted and would be lower than January numbers on 2/28/23.

While onsite at the 3 locations in Texas, Inspection team including Sr. RM counted 8,916 cattle on hand at the individual yards. Below is the insert showing the discrepancy with numbers from January 31, 2023, to February 28, 2023, as client was not able to provide yardsheets that inspector was able to tieback to January counts:

|  | | **2/28/23 counts** | **1/31/23 BBC** |
|---|---|---|---|
| McClain Fdyd - Hereford | | 2,480 | 31,668 |
| 7M - Friona | | 4,217 | 27,043 |
| Tommy's - Friona | | 2,219 | 0 |
| McClain Farms - KY | (per Brian) | 20,000 | 21,631 |
| | | 28,916 | 80,342 |
| Change in Head Count | | 51,426 | |

Inspector has chosen to only include the cattle she saw and counted in TX (8,916) for the prepared BBC below. This is basically a worst-case scenario. She did request from the Client that she travel to KY on Monday, March 6, 2023, to count cattle there for the cohesiveness of the inspection, but he indicated this would not be possible because he would be in Florida. The other primary concern that Inspection Team has is that cattle at the yards could belong to someone else. Inspector's saw checks deposited into Clients February bank accounts with notations written as payment for "feedbills". This would lead us to believe that these people had cattle on feed with McClain Feedyard and owned the cattle.

The Company is required to prepare a monthly, non-restrictive Borrowing Base Certificates (BBC) for presentation to Rabo AgriFinance (Lender) within 30 days of month end.

The scope included a review of the 1/31/2022 Borrowing Base Certificate (BBC), the current herd and feed inventories, as well as an inspection of the physical operations. Also discussed with the company were the accounts receivables, accounts payable, cash accounts, feed inventory and outstanding check transactions. The Client works with Carr, Riggs and Ingram, LLC CPA in Albuquerque, NM to prepare year ending, reviewed financial statements.

|  | **Borrower Reported** | | **Credit Agreement** | | **Inspection** | |
|---|---|---|---|---|---|---|
| **Gross Eligible Collateral** | $ | 113,537,704 | $ | 18,854,136 | $ | 18,854,136 |
| **Net/Margined Eligible Collateral** | $ | 85,058,408 | $ | 13,692,823 | $ | 13,692,823 |
| **RLOC Outstanding** | $ | 55,502,591 | $ | 55,502,591 | $ | 55,502,591 |
| **Gross Collateral Margin** | $ | 58,035,113 | $ | (36,648,455) | $ | (36,648,455) |
| **Net/Margined Collateral Margin** | $ | 29,555,817 | $ | (41,809,768) | $ | (41,809,768) |
| **Loan/Gross Eligible Collateral %** | | 49% | | 294% | | 294% |
| **Loan/Net Eligible Collateral %** | | 65% | | 405% | | 405% |

*Borrower Reported*: Indicates reporting as provided by the Company to the Lender.

🔺 **Rabo AgriFinance**

_Credit Agreement_:  Adjustments made to Company prepared reporting per requirements of the Credit Agreement.  This column highlights the client's compliance with documented terms and conditions.

_Inspection_:  Adjustments made to follow standard inspection scopes and industry practice, or where specific risks have been identified.  Some adjustments may differ from credit approved terms and/or legally documented terms and are provided for informational purposes only.

Adjustments made during the inspection are as follows:

| Borrowing Base Category | Bank Documentation $ Adjustments | | Inspection $ Adjustments | |
|---|---|---|---|---|
| Cattle Count Adjustment | $ | (93,271,928) | $ | (93,271,928) |
| Outstanding Checks | $ | (1,161,639) | $ | (1,161,639) |
| Accounts Payable Adjustment | $ | (250,000) | $ | (250,000) |
| **Totals** | $ | (94,683,567) | $ | (94,683,567) |

As mentioned earlier, the cattle adjustment is to take cattle from 80,342 to 8,916 as seen on 2/28/23.  From yardsheet for January, which was provided by Client, AFCID was unable to verify head counts because nothing tied back to the submitted number.  The Client had not included 2 large outstanding checks which resulted in the $1,161,639 adjustment.  In the prior inspection, Client and Inspector had agreed that accounts payable would be deducted in the amount of $250,000 and Client failed to include this amount on the 1/31/23 BBC.

After interviews with management, the Company appears to no longer have the proper controls in place to properly prepare the BBC for presentation to Rabo AgriFinance.  High information risk has been cited in every inspection since the prefunding and Client has always indicated they would improve.  At this point, no improvement in processes nor procedures has occurred.

All cattle inventory claimed as owned by the Company and viewed on the date of inspection were valued in this report based on (1) mark-to-market cost to finish basis, (2) Cattle Fax Regional Price or (3) similar publicly reported regional price as appropriate for the operation. All feed inventory claimed were valued in this report based on the lesser of Borrower's cost or market.

Recommendations as of the result of the inspection findings are summarized below as:

- Level I/Green Recommendation

    o    Next inspection will be scheduled to occur at the direction of Lender.

- Level III/Red Recommendation

    o    Lender should work with Client to properly report outstanding checks

    o    Lender should work with Client to properly report all accounts payable.

    o    Recommend that Lender hire a forensic accountant to investigate what has happened to the cattle and what has happened to the money if cattle were sold which should have been used to paid down on the RLOC.

I hereby certify that I have personally examined the supporting documentation for the submitted borrowing base.  I further certify that I am not related to the Borrower, have no interest in the loan(s) applied for or outstanding, and the foregoing summary and hereinafter is a true report of my findings.

Date Inspection Completed     February 28, 2023

_Michelle Stockett_
_____
Michelle Stockett
Sr. AFCID Collateral Inspector